UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAVON LEE BROWN, **Plaintiff**,

v. Civil Action No. 3:15-cv-P198-DJH

COMMONWEALTH OF KENTUCKY, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Lavon Lee Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, sues the Commonwealth of Kentucky, which he states is employed as "prosecutors." Plaintiff alleges that on November 17, 2014, he was acquitted of certain charges. He states that, "[w]hile on my way to trial I have encountered death in my family, been emotionally 'stressed out,' and prosecutors defamed my character. I was scared for life because these charges carried 20 to 50 to life in prison." He further states, "I feel like I should be compensated for my being unlawfully and unwillingly imprisoned." As relief, he seeks monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    The Court lacks subject matter jurisdiction over Plaintiff's claims against the Commonwealth of Kentucky for monetary damages by operation of the Eleventh Amendment to the U.S. Constitution. That amendment specifically prohibits federal courts from entertaining suits brought directly against the states. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000).

    Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be

amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

Because Plaintiff's claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss those claims under Fed. R. Civ. P. 12(h)(3).

Additionally, Plaintiff's complaint is against the Commonwealth through its role as prosecutor in a criminal case. Where a prosecutor acts in his or her role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, the prosecutor enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). For this reason as well, dismissal is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date: May 22, 2015

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
4415.009